McALLISTER DAIRY FARMS, INC., Plaintiff-Appellee, v. AMALGAMATED MEAT CUTTERS AND BUTCHERS WORKMEN UNION OF N. A. LOCAL 200, and CHAUFFEURS, TEAMSTERS, WAREHOUSEMEN AND HELPERS LOCAL UNION 377, Defendants-Appellants.

Ohio Appeals, Seventh District, Trumbull County.

No. 1415. Decided December 16, 1958.

Spain & Spain, Warren, for plaintiff-appellee.
Green & Schiavoni, Youngstown, for defendants-appellants.

## OPINION

Per CURIAM.

This is an appeal from the judgment of the Common Pleas Court imposing a fine of $500.00 on the two union defendants, the Meat Cutters and the Teamsters.

On February 13, 1958, the trial court found William Braswell guilty of stabbing one of McAllister's employees, to-wit: Ronald Partridge, in the back with a can opener and sentenced him to ten days in the County Jail. The court found Hugh Sapp and Norman Willard not guilty. Then the court found the defendants, The Amalgamated Meat Cutters and Butchers Workmen Union of N. A. Local 200 and the Chauffeurs, Teamsters, Warehousemen and Helpers Local Union 377 guilty and sentenced them together to pay a fine of $500.00 and costs.

It is from this part of the final order of the court that this appeal is filed, it being an appeal on law only and not as stated in the notice of appeal on law and fact.

There is no appeal from the sentence of the court imposed on William Braswell.

This is a contempt proceeding brought to vindicate and uphold the court's authority, and if not criminal in nature it is at least quasi criminal. The presumption of innocence obtains in contempt cases and the charges must be supported by evidence that is clear, positive and convincing.

It is clear that the court's order was violated by Braswell.

Was the conduct of the two unions contemptuous?

In the record before us there is no evidence against either of the labor unions that they conspired with Braswell or any other men, or aided or abetted in any manner the commission of any acts in violation of the court's order.

There is positive evidence that the defendant unions did admonish their members and especially those on the picket line to obey the order of the court; that their officers made periodic trips to the picket lines to see that things were in order; and that upon learning of William Braswell's misconduct they immediately removed him from the picket line.

In the absence of a showing of guilt by either of the unions a finding that they were guilty of contempt was not supported by the evidence as revealed by the bill of exceptions in this case.

It follows that the judgment of guilt and fine assessed against the two unions should be reversed and final judgment entered by this court for the two union defendants.

Judgment reversed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.